# EXHIBIT 5



# United States Department of the Interior



BUREAU OF LAND MANAGEMENT
Anchorage Field Office
4700 BLM Road
Anchorage, Alaska 99507-2591
http://www.blm.gov/ak


DNA – Silverton Mountain Guides
Environmental Assessment, DOI-BLM-AK-A010-2017-0006-DNA

Case File AA-094293

## DECISION RECORD

### Background

Aaron Brill, operating as Silverton Mountain Guides, has applied to the Bureau of Land Management (BLM) Anchorage Field Office (AFO) for a Special Recreation Permit (SRP) to operate commercial heli-skiing activities in the Neacola and Tordrillo mountains of Southcentral Alaska.

Brill's requested operating area is located approximately 120 miles west of Anchorage. The operating area includes the Neacola Mountains Area of Critical Environmental Concern (ACEC), referred to as the "south block," and the Tordrillo Mountains, referred to as the "north block." The proposed action does not include any State or Native land selections.

The Neacola Mountains ACEC is scenic, with changes in elevation from 1,000 feet to nearly 8,000 feet. Rugged mountains, hanging valleys, and ice and snow fields dominate the landscape, interspersed with razor-sharp ridgelines. At the core of the Neacola Mountains ACEC are Blockade Glacier and Lake. Seasonally, Blockade Lake melts enough to reveal "apartment sized" blocks of ice floating in the water. This ACEC contains scenic and geologic features associated with the natural landscape of mountain peaks, glaciers and spires. It is these scenic qualities for which the ACEC was designated in 2008 (EA, p. 2; BLM 2008).

### Decision

It is my decision to implement the proposed action on BLM-managed lands as described in the attached Determination of NEPA Adequacy worksheet, DOI-BLM-AK-A010-2017-0006-DNA Specifically, Aaron Brill, operating as Silverton Mountain Guides is authorized to operate day use commercial heli-ski activities on BLM administered lands Neacola Mountains Area of Critical Environmental Concern (ACEC), referred to as the "south block," and the Tordrillo Mountains, referred to as the "north block."

### Rationale for the Decision

This decision was made because the proposed activity is nearly identical to that which already occurs

in the same area; however, the new activity will be smaller and therefor have fewer impacts on the landscape. The action has been reviewed by Anchorage Field Office staff. Based on the Determination of NEPA Adequacy worksheet, I have determined that the proposed action involves no significant impact to the human environment and no further analysis is required.

**Laws, Authorities, and Land Use Plan Conformance**

The EA and supporting documentation have been prepared consistent with the requirements of various statutes and regulations, including but not limited to:
The proposed action is in conformance with the applicable land use plan because it is specifically provided for in the following land use plan decision(s):

The Ring of Fire Resource Management Plan and Record of Decision (ROF RMP/ROD), approved March 2008, provides the overall long-term management direction for lands encompassed by the proposed project. The proposed action and alternatives are consistent with the RMP/ROD. Specifically, the proposed action is consistent with the following decisions in the RMP/ROD:

> **I. Lands and Realty I-2k: [Federal Land Policy and Management Act] FLPMA Permits**
> The BLM may issue land use permits if it is determined that the use conforms to agency plans, policies and programs, local regulations, and other requirements, and will not cause appreciable damage or disturbance to the public lands, their resources or improvements.

> **O. Recreation O-1: Goal**
> Manage recreation to maintain a diversity of recreational opportunities. Opportunities for commercial recreation will be provided consistent with area objectives for recreation management.

> **T. Visual Resources T-1: Goal**
> Manage visual resources consistent with the multiple use objectives for [Visual Resource Management] VRM classes and the classifications.

> > **T-2: Management Actions T-2b:** Manage the Neacola Mountains ACEC as VRM Class II.

> > > **Class II Objective:**
> > > To retain the existing character of the landscape. The level of change to the characteristic landscape should be low.

> > **T-2c:** Manage all other BLM-lands within the planning area as VRM Class IV (includes north block of the Neacola Mountains).

> > > **Class IV Objective:**
> > > To provide for management activities which require major modification of the existing character of the landscape. The level of change to the characteristic landscape can be high.

The ROD states the objectives for the Neacola Mountains ACEC as follows:

>  Goals:
>>  i. Create the Neacola Mountains ACEC to preserve identified values and outstanding natural scenery in an unspoiled setting.
>>  ii. Manage the ACEC to maintain the visual resource and scenic values.
>>  iii. Manage recreation to maintain the existing opportunities (e.g. unique recreational experiences in a remote and primitive setting).
>
>  Preliminary Management Objectives:
>>  i. Manage the ACEC to maintain the existing Recreational Opportunity Spectrum classifications.
>>  ii. Maintain the area for existing (Class II) VRM classification.
>>  iii. Develop further guidance for limitations to [off-highway vehicle] OHV use.
>>  iv. Work collaboratively with landowners in the area, recreation users, and adjacent communities to develop management strategies and define enforcement responsibilities.

**Public Involvement, Consultation, and Coordination**

The original Environmental Analysis went through public comment and the new activity is nearly identical to an activity that has been previously analyzed.  No further public comment was pursued for the new activity.

**Appeal Opportunities**

This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR § 4.  To appeal you must file a notice of appeal at the BLM Anchorage Field Office, 4700 BLM Road, Anchorage, Alaska 99507, within 30 days from receipt of this decision.  The appeal must be in writing and delivered in person, via the United States Postal Service mail system, or other common carrier, to the Anchorage Field Office as noted above. *The BLM does not accept appeals by facsimile, email, or other electronic means*.  The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition pursuant to regulation 43 CFR § 4.21 (58 FR 4939, January 19, 1993) for a stay of the effectiveness of this decision during the time that your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal.  Except as otherwise provided by law or other pertinent regulation, a petition for a stay of decision pending appeal shall show sufficient justification based on the following standards: (a) The relative harm to the parties if the stay is granted or denied, (b) The likelihood of the appellant's success on the merits, (c) The likelihood of immediate and irreparable harm if the stay is not granted, and (d) Whether the public interest favors granting the stay.

Copies of the notice of appeal and petition for a stay must also be submitted to each party named in this decision and to the Interior Board of Land Appeals and to the Office of the Solicitor (see 43 CFR § 4.413); Office of the Regional Solicitor, Alaska Region, U.S. Department of the Interior, 4230 University Drive, Suite 300, Anchorage, Alaska 99508; at the same time the

original documents are filed with this office. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.


_//Mark Spencer//_                                February 16, 2017
Bonnie Million                                         Date
Anchorage Field Manager